UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

ARUN KUMAR,

          Petitioner,

          v.

FERETI SEMAIA, et al,

          Respondents.

Case No. 5:26-cv-02924-DTB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**I.**

**PROCEEDINGS**

On May 28, 2026, petitioner Arun Kumar ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 1).

The Petition alleges the following claims for habeas relief: (1) Petitioner's detention violates his Fifth Amendment right to substantive due process; (2) Petitioner's detention violates his Fifth Amendment right to procedural due process; (3) Petitioner's detention is in excess of statutory authority in violation of the Immigration and Nationality Act ("INA"); and (4) Petitioner's seizure and continued

1

detention violate 8 U.S.C. § 1357 and 8 C.F.R. §§ 287.3 and 287.8. (Petition at 19-22).[1]

On the same date, Petitioner filed a Motion for Temporary Restraining Order and Preliminary Injnction (Docket No. 3), which the Court denied on June 1, 2026, in light of the expedited briefing schedule set in accordance with General Order 26-05 (Docket No. 8).

On June 5, 2026 (pursuant to General Order 26-05 and Briefing Schedule, see Docket No. 6 at 2, 5), Respondents filed an Answer to the Petition ("Answer"). (Docket No. 10). In the Answer, Respondents do not address the merits of the Petition and state that they "are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Answer at 2).

Petitioner did not file a Reply.

Thus, this matter is now ready for decision. For the reasons set forth below, the Court grants Petitioner's request for habeas relief.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

## II.

## BACKGROUND[2]

Petitioner is a 29 year old native and citizen of India.  (Petition, ¶53).  He arrived in the United States without inspection on June 3, 2024, and was encountered, apprehended, and briefly detained by Customs and Border Protection.  (Id., ¶54).  Petitioner was arrested by Customs and Border Protection ("CBP") inside the United States.  (Id., ¶55).

Petitioner was released on his own recognizance pursuant to 8 U.S.C. § 1226(a)(2)(B).  (Id., ¶57).  Petitioner was not paroled from custody pursuant to 8 U.S.C. § 1182(d)(5).  (Id., ¶58).

CBP did not conduct any credible fear or other interviews to ascertain Petitioner's admissibility during his initial arrest.  (Id., ¶59).  On June 4, 2024, CBP served Petitioner with a Notice to Appear ("NTA") in removal proceedings under 8 U.S.C. 1229a and released him from custody.  (Id., ¶60).

Once released, on September 30, 2024, Petitioner filed an application for asylum with the Immigration Court.  (Id., ¶61).

On April 18, 2025, Petitioner received a temporary Employment Authorization Document.  (Id., ¶62).

On May 8, 2026, Respondents rearrested Petitioner, though no material changes in circumstances occurred.  (Id., ¶63).  He was arrested at 6:00 a.m. during an Immigration and Customs Enforcement ("ICE") intervention, as he was driving to work.  (Id., ¶64).

/ / /

/ / /

/ / /

---

[2]     As Respondents elected not to file a substantive Answer, the Court relies on the facts alleged in the Petition.

Petitioner was not provided with a pre-deprivation hearing or notice of the basis for his detention. (Id., ¶65). He was not deemed to be a danger to the community (id., ¶66) and the NTA does not designate Petitioner as an "arriving alien," despite containing a checkbox for that designation. (Id., ¶67).

Petitioner has never been arrested or missed any appointments with ICE, or any other agency, and has complied with all terms of his conditional parole. (Id., ¶68).

## III.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

To the extent Petitioner has raised claims under the Due Process Clause of the Fifth Amendment, the Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const., amend. V. These protections

extend to noncitizens present in the United States.  See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (*per curiam*) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted)); Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings." (internal quotation marks and brackets omitted)).  Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . .."  Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990).  Indeed, the Due Process Clause provides both procedural and substantive protections.  See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process." (internal quotation marks omitted)).  To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976).  See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)).  Under Matthews, courts weigh the following three factors: (1) "[T]he private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  Mathews, 424 U.S.

at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

## IV.

## DISCUSSION

### A.    Petitioner is entitled to Habeas Relief.

Given their election not to oppose the merits of the claims in the Petition, the Court finds that Respondents have consented to the facts and arguments raised therein pursuant to Central District of California Local Civil Rule 7-12. Accordingly, the Court considers the facts and contentions alleged by Petitioner to be unopposed.[3]

Petitioner alleges that he has lived in the United States for 2 years after being released by Respondents on his own recognizance, and was not paroled with conditions. (Petition, ¶57). He has been granted authorization to work. (Id., ¶ 61). During this time, he has made all of his appearances as required, complied with all of his conditions, and applied for asylum. (Id., ¶68). On May 8, 2026, he was arrested and detained by ICE agents during an ICE intervention as he was driving to work. (Id., ¶¶63, 64).

The Court now considers Petitioner's claim concerning the deprivation of his due process rights pursuant to Mathews.

As noted, the facts alleged in the Petition are undisputed. As such, the Court finds that Petitioner developed a substantial liberty interest in remaining out of custody after being evaluated and released by Respondents, based on the life he built

---

[3]    Respondents' non-opposition, in itself, can serve as a basis to grant the Petition. See Orozco v. Warden, Adelanto Detention Facility, et al., Case No. 5:26-cv-02385-BFM; Docket No. 14 at 2 (citing cases).

in the United States since arriving two years ago.  See, e.g., Tinoco v. Noem, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); Garcia v. Andrews, 2025 WL 1927596, at *4 (E.D. Cal. July 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty."). This "liberty is valuable and must be seen as within the protection of the [Due Process Clause]." Morrissey v. Brewer, 408 U.S. 471, 482 (1972).

In light of Petitioner's substantial liberty interest, his arrest by immigration authorities on May 8, 2026, without notice or a pre-deprivation hearing, violated his procedural due process rights. See, e.g., J.A.E.M. v. Wofford, 812 F. Supp. 3d 1058, 1071 (E.D. Cal. 2025) ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing, which should have been provided before she was detained. The root requirement of the Due Process Clause is that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest." (internal quotation marks and brackets omitted)); Mourey v. Bowen, 2026 WL 467567, at *4 (C.D. Cal. Jan. 31, 2026) ("Pursuant to the holding in Mathews, Petitioner should have been afforded a pre-detention hearing."), report and recommendation adopted, 2026 WL 464788 (C.D. Cal. Feb. 17, 2026).

Respondents have offered no reason – much less any compelling reason – as to why the government should be able to re-detain Petitioner, who has developed a significant liberty interest during his two years in the country and who likely poses no danger to his community or risk of flight, without first providing him with notice

and opportunity for a hearing before a neutral adjudicator.  Certainly, Respondents did not deem him to pose either a risk of flight or a danger when they released him on his own recognizance in 2024.

Accordingly, the Court concludes that the government's arrest and detention of Petitioner on May 8, 2026, without adequate pre-detention process, violated his right to procedural due process under the Fifth Amendment.

Given this violation of Petitioner's due process rights, the Court further concludes that "Petitioner's release is necessary to return him to the status quo." Nazarian v. Noem, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025).  The status quo is "the last uncontested status which preceded the pending controversy." GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000) (internal quotation marks omitted).  The last uncontested status here is Petitioner's release on his prior conditions of release.  See Nazarian, 2025 WL 3236209, at *7 ("The last uncontested status in this case is Petitioner's release on his second OSUP before his current re-detention.").  "Accordingly, Petitioner's release from custody is the appropriate remedy."  Id.; see Esmail v. Noem, 2025 WL 3030590, at *6 (C.D. Cal. Sept. 12, 2025) ("Providing Petitioner an interview *ex post facto*, while keeping him detained in ICE's custody, would not remedy the apparent constitutional violation that Petitioner has suffered in being re-detained without any measure of due process. The fact that he was not given an interview renders his detention unlawful in the first place, necessitating his release.").

In addition, the Court concludes that due process requires notice and a pre-deprivation hearing before Petitioner may be re-detained.  See, e.g., Ixchop Perez v. McAleenan, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020), appeal dismissed sub nom.  Perez v. McAleenan, 2020 WL 8970669 (9th Cir. Dec. 4, 2020) ("Accordingly, this court will join the consensus view among District Courts concluding that ... where ... the government seeks to detain an alien pending removal

8

proceedings, it bears the burden of proving that such detention is justified." (internal quotation marks omitted)).  Specifically, the Court concludes that Respondents must show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community.  See, e.g., Mourey, 2026 WL 467567, at *6 ("If the Government seeks to re-detain Petitioner, he must be provided some kind of hearing before the state deprives him of his liberty. Further, such hearing must be before a neutral arbiter in which the Government bears the burden of providing by clear and convincing evidence that Petitioner is a flight risk or danger to the community." (internal quotation marks, brackets, and citation omitted)); Carballo v. Andrews, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing where the government must prove by clear and convincing evidence that he is presently a flight risk or danger to the community.").

In sum, the Court concludes that Petitioner is entitled to habeas relief on his claim that Respondents violated his right to procedural due process under the Fifth Amendment, and therefore grants the Petition.  Petitioner is entitled to immediate release from custody based on the violation of his procedural due process rights, as explained above.

**V.**

**CONCLUSION**

IT THEREFORE IS ORDERED that: (1) Judgment be entered granting the Petition; (2) that a writ of habeas corpus be issued requiring Respondents to immediately release Petitioner, Arun Kumar (A 249-427-283) from custody and reinstating his previous conditions of supervision, and the return of all property confiscated from him during his arrest and processing into detention; (3) that Respondents and their officers, agents, employees, attorneys and persons acting on

9

their behalf in concert or in participation with them are enjoined from re-detaining Petitioner without notice and a pre-detention hearing before a neutral arbiter at which the government bears the burden of proving that Petitioner is a flight risk or danger to the community; and (4) that Respondents shall file a status report within two (2) business days to confirm that Petitioner has been released from custody pursuant to this Order.

DATED: June 11, 2026

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE